**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) ) VILMA BLANCI ARREAGA BARRIOS ) ("ELIZABETH BRAVO CORTEZ") )            Petitioner, ) )       v. ) ) ) PATRICIA H. HYDE, Field Office Director,) ICE Enforcement and Removal Operations, ) Boston/New England Field Office; ) TODD M. LYONS, Acting Director, ) U.S. Imm. and Customs Enforcement; ) and KRISTI NOEM, Secretary, ) U.S. Department of Homeland Security, )           Respondents. ) _____ ) | C.A. No. 1:26-cv-10336 <br><br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. This is a petition for a writ of habeas corpus on behalf of petitioner Vilma Blanci Arreaga Barrios.

2. Ms. Arreaga Barrios was born on December 1, 1976. She resides in Massachusetts and is the mother of three daughters, ages 17, 20, and 24. She has lived at a stable residence in Lynn, Massachusetts for approximately eight years and works consistently as a food service worker.

3. Ms. Arreaga Barrios entered the United States in 2010, when she, on information and belief, was arrested and released at the border. She has remained in the United States since that time and has built a life and family in Massachusetts.

4. The Notice to Appear ("NTA") issued by the Department of Homeland Security ("DHS") in Ms. Arreaga Barrios's case was utterly defective. It listed, among other fundamental errors,

1

the wrong name, the wrong country of nationality, the wrong date of birth, and no charges of removability.

5. On January 8, 2026, the Immigration Judge instructed DHS to file a corrected NTA within seven days. As of January 13th, 2026, DHS had not complied. At the next hearing on January 22, 2026, DHS had still not complied, and the Immigration Judge granted Petitioner's motion to terminate.

6. Notwithstanding termination of proceedings, ICE continues to detain Ms. Arreaga Barrios, and is holding her under a name that is not hers—"Elizabeth Bravo Cortez."

7. Ms. Arreaga Barrios is presently detained in Massachusetts by ICE in Burlington, Massachusetts.

8. Since being taken into ICE custody, Ms. Arreaga Barrios has been given no bond hearing and no meaningful individualized custody review. She remains detained even though her removal proceedings were terminated and even though ICE is detaining her under a false identity.

9. DHS has reserved appeal of the Immigration Judge's termination order. As far as counsel can determine, no appeal has been filed, and none has been served on counsel. In any event, the mere possibility of a future appeal cannot justify ongoing civil detention without a bond hearing and without lawful individualized process.

10. Ms. Arreaga Barrios's continuing loss of liberty, after termination of removal proceedings, without any bond hearing, and while being held under an incorrect identity, violates the Due Process Clause of the Fifth Amendment. Unless the Court acts, this unlawful deprivation of liberty will continue.

11. Ms. Arreaga Barrios respectfully requests immediate relief in the form of a writ of habeas corpus requiring that she be released unless she is provided a bond hearing, including all legally

necessary procedural protections, within seven days after the Court's order. She further seeks emergency relief to ensure she is not transferred in a manner that would impede this Court's jurisdiction and her access to counsel.

## PARTIES

12. Petitioner Vilma Blanci Arreaga Barrios is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE"). She is presently detained at the ICE Field Office (Boston/New England Field Office) located at 1000 District Avenue, Burlington, Massachusetts 01803.

13. Respondent Patricia H. Hyde is the Field Office Director for ICE Enforcement and Removal Operations ("ERO"), Boston/New England Field Office. She is a proper respondent and Petitioner's immediate custodian for purposes of this Petition because she exercises day-to-day authority over Petitioner's detention at the Burlington Field Office.

14. Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement. He is a proper respondent because he has authority over ICE detention operations and the policies and practices challenged in this Petition.

15. Respondent Kristi Noem is the Secretary of the U.S. Department of Homeland Security ("DHS"). She is a proper respondent because DHS oversees ICE and has authority over the custody, detention, and transfer policies and practices challenged in this Petition.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because Petitioner is in federal custody within this District and challenges the legality of that custody.

17. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Fifth Amendment to the United States Constitution and the Immigration and Nationality Act ("INA").

3

18. This Court has authority to grant the relief requested pursuant to 28 U.S.C. §§ 2241 and 2243, including ordering Petitioner's release or other appropriate relief to remedy unlawful custody.

19. Venue is proper in this District under 28 U.S.C. § 1391(e) because Petitioner is detained in this District and Respondents are federal officers sued in their official capacities who reside in and/or perform official duties in this District.

20. Petitioner is presently detained at the ICE Field Office (Boston/New England Field Office) located at 1000 District Avenue, Burlington, Massachusetts 01803, within the District of Massachusetts.

**FACTS ALLEGED**

21. Petitioner Vilma Blanci Arreaga Barrios has been held in immigration detention since approximately November 2025.

22. Petitioner is currently detained at the ICE Field Office (Boston/New England Field Office) in Burlington, Massachusetts, a facility not designed for long-term detention.

23. Petitioner has not received any bond hearing before an Immigration Judge.

24. On January 22, 2026, an Immigration Judge terminated Petitioner's removal proceedings after granting Petitioner's motion to terminate because the Department of Homeland Security ("DHS") issued an NTA that was fundamentally defective.

25. The NTA in Petitioner's case was utterly defective. It contained, among other fundamental errors, the wrong name, the wrong country of nationality, the wrong date of birth, and no charges of removability.

26. Notwithstanding the termination order, ICE continues to detain Petitioner. DHS has stated it "reserved appeal" of the termination order, but as far as counsel can determine, no appeal has been filed and none has been served on counsel.

27. ICE is detaining Petitioner under a false identity, listing her as "Elizabeth Bravo Cortez," even though her true name is Vilma Blanci Arreaga Barrios.

28. Petitioner has not received any prompt, meaningful, individualized custody hearing before a neutral decision-maker determining whether detention is necessary, including whether Petitioner is a flight risk or danger and whether conditions of release would suffice.

29. Petitioner has strong equities that support release on conditions, including: (a) long residence in the United States since 2010; (b) a stable residence in Lynn, Massachusetts for approximately eight years; (c) stable employment as a food service worker; (d) three daughters ages 17, 20, and 24; and (e) community and family ties in Massachusetts that ensure Petitioner's appearance and support supervision or other conditions if needed.

30. Because Burlington is not a long-term detention facility, Petitioner faces a substantial and imminent risk of transfer to a remote detention facility, especially given that ICE is currently holding her under the wrong name, which would impair access to counsel, disrupt family contact, and frustrate this Court's ability to provide meaningful review and effective relief.

31. Petitioner therefore seeks an order finding her detention unlawful and ordering her immediate release.

32. In the alternative, Petitioner seeks an order requiring a prompt individualized bond hearing and prohibiting transfer pending that hearing and this Court's review, because Petitioner has no adequate alternative forum to obtain timely, meaningful review of her custody.

## **LEGAL BACKGROUND**

33. Petitioner Vilma Blanci Arreaga Barrios realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. The Immigration and Nationality Act ("INA") generally provides two sources of detention authority: detention of noncitizens whose removal proceedings are pending is governed by 8 U.S.C. § 1226, while detention of noncitizens whose legal process has concluded in a final order of removal that awaits execution is governed by 8 U.S.C. § 1231.

35. Section 1226 authorizes detention of a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226 also authorizes DHS to release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(1)–(2).

36. By contrast, section 1231 applies only after an order of removal becomes administratively final and the government is in the statutory "removal period." 8 U.S.C. § 1231(a). Where there is no final order of removal, § 1231 does not provide detention authority.

37. Here, Petitioner does not have a final order of removal. To the contrary, on January 22, 2026, the Immigration Judge terminated Petitioner's removal proceedings based on DHS's defective Notice to Appear. Accordingly, the government's detention authority, if any, arises under 8 U.S.C. § 1226(a) rather than § 1231. Because there is no administratively final order of removal, DHS is not in the § 1231 removal period.

38. Following an arrest, DHS regulations require that a custody determination be made within 48 hours of the arrest, absent extraordinary circumstances. 8 C.F.R. § 287.3(d).

39. In addition, noncitizens held in ICE custody are entitled to a meaningful opportunity for individualized review of whether continued detention is necessary, including whether they pose a danger or a risk of flight and whether conditions of release can reasonably ensure appearance.

40. Detention that continues after termination of removal proceedings, and without meaningful individualized review, raises serious statutory and constitutional concerns. Civil immigration

6

detention may be used only to serve legitimate regulatory purposes, principally ensuring appearance and protecting the community, and it must be accompanied by adequate procedural safeguards under the Due Process Clause.

41. Unless a noncitizen is subject to mandatory detention under a separate provision, detention under § 1226(a) is discretionary and may be accompanied by release on bond or conditions. 8 U.S.C. § 1226(a)(2).

42. In the First Circuit, due process requires meaningful protections in custody determinations, including proper allocation of burdens of proof. *See Hernandez-Lara v. Lyons,* 10 F.4th 19 (1st Cir. 2021).

43. Under *Hernandez-Lara*, continued civil detention must be justified by the government: dangerousness must be shown by clear and convincing evidence, and flight risk by a preponderance of the evidence, with consideration of conditions of release and ability to pay in setting any bond amount. *Id.*

44. Where detention is not accompanied by prompt, meaningful individualized review consistent with the INA, implementing regulations, and due process, including where detention is based on erroneous identity information that materially increases the risk of an erroneous deprivation of liberty, federal habeas corpus provides a mechanism to remedy unlawful custody. *See* 28 U.S.C. § 2241.

**CLAIM FOR RELIEF**

**COUNT I**
**VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT**
**(8 U.S.C. § 1226(a))**

45. Petitioner Vilma Blanci Arreaga Barrios realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

7

46. The Immigration and Nationality Act authorizes detention under 8 U.S.C. § 1226(a) only "pending a decision on whether the alien is to be removed from the United States" and permits release on bond or conditional parole following an individualized custody determination.

47. Noncitizens detained pursuant to § 1226(a) are entitled to a meaningful opportunity to seek release, including an individualized bond hearing before an Immigration Judge to determine whether continued detention is justified based on flight risk or danger.

48. Upon information and belief, Respondents are detaining Petitioner under 8 U.S.C. § 1226(a) and/or otherwise without providing any individualized custody determination or bond process, notwithstanding that Petitioner's removal proceedings were terminated on January 22, 2026.

49. Because Petitioner is detained without an individualized bond hearing or other meaningful opportunity for release, her continued detention exceeds the authority granted by the Immigration and Nationality Act and is unlawful.

WHEREFORE, Petitioner respectfully requests that this Court grant the writ and order Petitioner's immediate release, and award such other relief as the Court deems just and proper.

### COUNT II
### VIOLATION OF THE DUE PROCESS CLAUSE
### (FIFTH AMENDMENT)

50. Petitioner Vilma Blanci Arreaga Barrios realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

51. Civil immigration detention is permissible only to serve legitimate regulatory purposes and must be accompanied by adequate procedural safeguards.

52. Petitioner's continued detention—after termination of her removal proceedings, without any prompt, meaningful individualized custody determination, and while being held under an incorrect identity—violates the Due Process Clause of the Fifth Amendment.

8

53. Absent a constitutionally adequate bond hearing at which the government bears the burden to justify detention, Petitioner's continued confinement is unlawful.

WHEREFORE, Petitioner respectfully requests that this Court grant the writ and order Petitioner's immediate release, or, at minimum, order constitutionally adequate custody process, including a prompt individualized bond hearing at which the government bears the burden to justify detention.

## COUNT III
## INJUNCTIVE RELIEF IS WARRANTED AND NECESSARY TO PREVENT CONSTITUTIONAL HARM

54. Petitioner Vilma Blanci Arreaga Barrios realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

55. Courts within the First Circuit apply the four-factor test for preliminary injunctive relief articulated in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Under this standard, the Court considers whether the movant has demonstrated (1) a likelihood of success on the merits, (2) irreparable harm absent relief, (3) that the balance of equities favors the movant, and (4) that the requested relief is in the public interest. Each factor weighs strongly in Petitioner's favor. *Id.* This Court also has authority under the All Writs Act, 28 U.S.C. § 1651(a), to preserve its jurisdiction.

56. First, Petitioner is likely to succeed on the merits. The First Circuit has consistently recognized 28 U.S.C. § 2241 as the proper vehicle for challenging unlawful immigration detention and has held that detention under INA § 236(a) without a constitutionally adequate bond hearing violates due process. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 33–35 (1st Cir. 2021); *Reid v. Donelan*, 819 F.3d 486, 494–95 (1st Cir. 2016).

9

57. Petitioner's continued detention without an individualized custody determination, particularly where removal proceedings have been terminated and ICE is holding Petitioner under a false identity, contravenes these protections.

58. Second, Petitioner faces irreparable harm absent injunctive relief. The loss of liberty resulting from continued detention without a bond hearing constitutes irreparable injury. In addition, transfer away from the District of Massachusetts would substantially burden Petitioner's access to retained counsel in Massachusetts and impair her ability to meaningfully litigate this habeas action. These harms cannot be remedied through monetary damages.

59. Third, the balance of equities tips decisively in Petitioner's favor. Requiring Respondents to provide an individualized bond hearing or to refrain from transferring Petitioner outside this District imposes minimal burden on the government. By contrast, Petitioner faces continued detention, separation from her family, and the risk of transfer, especially acute where ICE is presently detaining her as "Elizabeth Bravo Cortez," rather than under her true name, creating heightened risk of erroneous movement and interference with judicial review.

60. Finally, the public interest supports the requested relief. Ensuring that immigration detention complies with constitutional and statutory requirements promotes the rule of law and preserves meaningful judicial oversight. Preventing unnecessary transfers that interfere with access to counsel and habeas review serves both individual rights and the integrity of the judicial process.

61. Because all four Winter factors weigh in Petitioner's favor, temporary and preliminary injunctive relief prohibiting transfer outside the District of Massachusetts is necessary to prevent ongoing and irreparable constitutional harm. *See Winter*, 555 U.S. at 20.

WHEREFORE, Petitioner respectfully requests that this Court enter temporary and preliminary injunctive relief: (a) prohibiting Respondents from transferring Petitioner outside the District of Massachusetts pending this Court's review and any Court-ordered custody hearing; and (b) granting such other relief as the Court deems just and proper to prevent irreparable harm.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully asks this Court to GRANT the following relief:

1. Assume jurisdiction over this action pursuant to 28 U.S.C. § 2241;

2. Issue an emergency Temporary Restraining Order and/or Preliminary Injunction enjoining Respondents from:

    a. transferring Petitioner outside the District of Massachusetts pending resolution of this Petition and any Court-ordered custody hearing; and

    b. removing Petitioner from the United States pending resolution of this Petition and any Court-ordered custody hearing;

3. Declare that Petitioner's continued detention without a prompt, meaningful individualized custody determination and opportunity to seek release violates the Immigration and Nationality Act, including 8 U.S.C. § 1226(a), and the Due Process Clause of the Fifth Amendment;

4. Order Respondents to provide Petitioner with an immediate, constitutionally adequate bond hearing before an Immigration Judge within a time certain to be set by this Court, at which:

    a. the government bears the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community, or by a preponderance of the evidence that she poses a risk of flight;

    b. the Immigration Judge considers conditions of release and Petitioner's ability to pay in setting any bond amount; and

    c. continued detention is authorized only if the government proves that no condition or combination of conditions can reasonably assure appearance and community safety;

5. Order Petitioner's immediate release from custody under reasonable conditions if Respondents fail to provide a bond hearing within the time ordered by this Court;

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

January 24, 2026

s/ Jacob S. Binnall
**Jacob S. Binnall, Esq.**
Attorney for Petitioner
Massachusetts Bar No. 712846
Law Office of Jacob Binnall PLLC
43 Park Street #17
Framingham, MA 01702
Telephone: (508) 808-8378
Email: jacob@attorneybinnall.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner VILMA BLANCI ARREAGA BARRIOS, and I submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted this 24th day of January, 2026.

Dated: January 24, 2026

/s/ Jacob S. Binnall
**Jacob S. Binnall**

Attorney for Petitioner
Massachusetts Bar No. 712846
Law Office of Jacob Binnall PLLC
43 Park Street #17
Framingham, MA 01702
Telephone: (508) 808-8378
Email: jacob@attorneybinnall.com

12