**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ) | |
| ) | |
| VILMA BLANCI ARREAGA BARRIOS ) | |
| ("ELIZABETH BRAVO CORTEZ") ) | C.A. No. 1:26-cv-10336-BEM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| PATRICIA H. HYDE, Field Office Director,) | |
| ICE Enforcement and Removal Operations, ) | |
| Boston/New England Field Office; ) | |
| TODD M. LYONS, Acting Director, ) | |
| U.S. Imm. and Customs Enforcement; ) | |
| and KRISTI NOEM, Secretary, ) | |
| U.S. Department of Homeland Security, ) | |
| Respondents. ) | |
| ) | |

## EMERGENCY MOTION FOR RELEASE FROM DETENTION

1. Now comes the Petitioner, Vilma Blanci Arreaga Barrios, and moves this Honorable Court to order her immediate release from ICE detention while her habeas petition is pending, because she is being held under an incorrect identity and without any bond hearing or meaningful individualized custody review, and because the conditions of her confinement at the Burlington Field Office/Processing Center are inhumane, punitive, and unconstitutional for civil immigration detention.

2. Petitioner is a long-term Massachusetts resident, a mother of three daughters (ages 17, 20, and 24), who has lived for approximately eight years at a stable residence in Lynn, Massachusetts and works consistently as a food service worker. She entered the United States in 2010 and has remained here since, building a life and family in this Commonwealth. Despite these strong

1

ties and despite the absence of any individualized finding that she poses a danger or flight risk, ICE is holding Petitioner in Massachusetts at the Burlington Field Office/Processing Center under the name "Elizabeth Bravo Cortez," a name that is not hers.

3. Petitioner's continued detention under a false identity, without any bond hearing and without meaningful process, is itself a profound due process violation. It is all the more extraordinary given the posture of Petitioner's immigration case: the Notice to Appear issued by DHS was utterly defective, listing the wrong name, wrong country of nationality, wrong date of birth, and no charges of removability; the Immigration Judge ordered DHS to file a corrected NTA within seven days; DHS failed to comply; and at the next hearing DHS still had not complied, and the Immigration Judge granted Petitioner's motion to terminate proceedings.

4. ICE continues to detain Petitioner notwithstanding termination, and DHS's reservation of the possibility of appeal cannot justify ongoing civil detention without lawful individualized process. Petitioner has received no bond hearing and no meaningful custody review since being taken into ICE custody, even as she remains detained after termination of proceedings and even while held under a false identity.

5. Apart from the legality of detention, the place and manner of Petitioner's confinement require immediate action by this Court. Petitioner has been held at the Burlington Field Office/Processing Center since Thursday, January 22, 2026, through the date of this filing, under conditions that do not meet the minimum requirements for humane treatment of civil detainees and that are punitive in effect. She has no bed and no mattress. She reports being given little food, consisting largely of instant macaroni and cheese and water. She is rarely allowed to contact her family, and she has been unable to access legal counsel in any meaningful, confidential way while detained at Burlington.

6. These conditions are not consistent with nonpunitive civil detention and impose immediate and irreparable harm. The Constitution requires safe and sanitary conditions and basic necessities; it does not permit civil detention in circumstances that deprive a person of adequate shelter and humane treatment, or that effectively deny access to counsel. *See, e.g., Farmer v. Brennan*, 511 U.S. 825 (1994); *Helling v. McKinney*, 509 U.S. 25 (1993); *Estelle v. Gamble*, 429 U.S. 97 (1976). At a minimum, Petitioner is protected by the Due Process Clause of the Fifth Amendment against conditions that amount to punishment and against restrictions that unreasonably burden access to counsel.

7. Whatever legal justification ICE may attempt to advance for Petitioner's custody, her continued detention under these conditions is unlawful. This is civil detention, not punishment, and the government may not subject Petitioner to conditions that are degrading, inhumane, and cruel while her habeas petition is pending, especially where Petitioner's immigration proceedings have been terminated and she is being held under a name that is not hers, without a bond hearing and without meaningful individualized review.

8. Petitioner respectfully requests emergency relief in the form of an order directing Respondents to immediately release her from ICE custody pending adjudication of the habeas petition. Petitioner further requests that the Court maintain and enforce its existing protections against transfer or removal that would impede this Court's jurisdiction and Petitioner's access to counsel, unless and until further order of this Court.

9. For the foregoing reasons, Petitioner respectfully requests that this Motion be granted and that the Court grant such other and further relief as justice requires.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Vilma Blanci Arreaga Barrios respectfully requests that this Court grant emergency relief and enter an order:

1. directing Respondents to immediately release Petitioner from ICE custody pending adjudication of her Petition for Writ of Habeas Corpus;

2. prohibiting Respondents, and all persons acting in concert with them, from re-arresting, re-detaining, or otherwise taking Petitioner back into ICE custody during the pendency of this habeas action absent further order of this Court;

3. maintaining in full force and effect the Court's prior order staying transfer and/or removal and any related protections necessary to preserve this Court's jurisdiction and Petitioner's access to counsel, unless and until further order of this Court; and

4. granting such other and further relief as the Court deems just and proper.


Respectfully submitted,

January 27, 2026

s/ Jacob S. Binnall
**Jacob S. Binnall, Esq.**
Attorney for Petitioner
Massachusetts Bar No. 712846
Law Office of Jacob Binnall PLLC
43 Park Street #17
Framingham, MA 01702
Telephone: (508) 808-8378
Email: jacob@attorneybinnall.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2026, I caused a true and correct copy of the foregoing Emergency Motion for Release from Detention to be served upon counsel for Respondents by filing the document electronically through the Court's CM/ECF system, which will send notice of such filing to all counsel of record.

s/ Jacob S. Binnall
**Jacob S. Binnall, Esq.**
